IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**KYLE LYDELL CANTY**,

    Plaintiff,

    v.

**FEDERAL BUREAU OF INVESTIGATION**,

    Defendant.

_____

**Civ. No. 6:15-cv-01636-MC**

**OPINION AND ORDER**

**MCSHANE, Judge**:

    Plaintiff, *pro se*, brings this motion to proceed *in forma pauperis*, ECF No. 2, and an action against the Federal Bureau of Investigation ("FBI") for failing to investigate alleged civil rights abuses by the Rochester Police Department and the Tuscan Police Department, *see* ECF Nos. 1, 5.

    This Court may dismiss a claim *sua sponte* under FRCP 12(b)(6) for failure to state a claim upon which relief can be granted. *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) (citations omitted). Likewise, if a plaintiff proceeds *in forma pauperis*, this Court is required to dismiss "the case at any time if the court determines that" the action or appeal is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). Upon review, plaintiff's motion to proceed *in forma pauperis*, ECF No. 2, is GRANTED, and plaintiff's complaint and amended complaint, ECF Nos. 1, 5, are DISMISSED with leave to amend.

**STANDARD OF REVIEW**

1 – OPINION AND ORDER

"In civil rights cases where the plaintiff appears pro se, [this Court] must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (citations omitted). This Court must give a *pro se* litigant "leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Id.* (citations and internal quotation marks omitted). "Moreover, before dismissing a pro se civil rights complaint for failure to state a claim, [this Court] must give the plaintiff a statement of the complaint's deficiencies." *Id.*

## DISCUSSION

Plaintiff, in his complaints, seeks relief under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346, 2671–2680, for the FBI's alleged failure to investigate civil rights abuses. Plaintiff seeks to recover five hundred million dollars in damages.

To survive this assessment under FRCP 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B), plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Under this standard, plaintiff's alleged facts must constitute "more than a sheer possibility that a defendant acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This Court must assume that the allegations contained in the complaint are true. *Id.*

Plaintiff's allegations, at least as currently articulated, are insufficient to state a claim. To properly state a claim, plaintiff's complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FRCP 8(a)(2). Plaintiff need, in a second amended complaint, specify the claim or claims that he is asserting against the defendant. For example, if plaintiff intends to assert a negligence claim under the FTCA, he must explain how the defendant's conduct fell below the applicable standard of reasonable care. Plaintiff need also

2 – OPINION AND ORDER

specify whether he met the procedural requirements for asserting a claim under the FTCA. *See* 28 U.S.C. § 2675(a) ("An action shall not be instituted upon a claim against the United States for money damages . . . caused by the negligent or wrongful act or omission of any employee . . . while acting within the scope of his office . . . unless the claimant . . . first presented the claim to the appropriate Federal agency . . . .").

## CONCLUSION

For these reasons, plaintiff's motion to proceed *in forma pauperis*, ECF No. 2, is GRANTED, and plaintiff's complaint and amended complaint, ECF Nos. 1, 5, are DISMISSED with leave to amend. **Plaintiff is allowed 30 days from the date of this order to file a second amended complaint curing the deficiencies identified above.** The Clerk of the Court shall not issue process until further order of this Court.

IT IS SO ORDERED.

DATED this 15th day of September, 2014.

_____
**Michael J. McShane
United States District Judge**